UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>**118 Somerset Street, Rumford, ME 04276** |
| **Laura A Phipps** | Mortgage:<br>**January 17, 2013**<br>**Book 4945, Page 305**<br>**Oxford County Registry of Deeds** |
| **Defendant** | |

NOW COMES the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2 ("Freddie"), by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Laura A Phipps, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant due to the so-called "sue and be sued" provision of Freddie's charter. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

3. Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2 is a Corporation with a Federal Government. Sponsored Enterprise, Chartered by Congress with its principal place of business located at 8200 Jones Branch Drive, McLean, VA 22102.

4. The Defendant, Laura A Phipps, is a resident of Rumford, County of Oxford and State of Maine.

## FACTS

5. On January 17, 2013, by virtue of a Warranty Deed from Phyllis A. Quinn-Plummer, which is recorded in the Oxford County Registry of Deeds in **Book 4945, Page 303**, the property situated at 118 Somerset Street, City/Town of Rumford, County of Oxford, and State of Maine, was conveyed to Laura A. Phipps, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

6. On January 17, 2013, Defendant, Laura A Phipps, executed and delivered to Bangor Savings Bank a certain Note under seal in the amount of $64,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

7. To secure said Note, on January 17, 2013, Defendant, Laura A Phipps, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, as Nominee for Bangor Savings Bank, securing the property located at 118 Somerset Street, Rumford, ME 04276 which Mortgage Deed is recorded in the Oxford County Registry of Deeds in **Book 4945, Page 305**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

8. The Mortgage was then assigned to U.S. Bank National Association by virtue of an Assignment of Mortgage dated May 13, 2019, and recorded in the Oxford County Registry of Deeds in **Book 5463**, **Page 1** (Arguably ineffective under *Greenleaf*). *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Bayview Loan Servicing, LLC by virtue of an Assignment of Mortgage dated July 8, 2019, and recorded in the Oxford County Registry of Deeds in **Book 5469**, **Page 642** (Arguably ineffective under *Greenleaf*). *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. On February 7, 2020, the Defendant, Laura A Phipps, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $58,416.37 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

11. The Mortgage was then assigned to Nationstar Mortgage, LLC by virtue of an Assignment of Mortgage dated June 29, 2022, and recorded in the Oxford County Registry of Deeds in **Book 5703**, **Page 301** (Arguably ineffective under *Greenleaf*). *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal home Loan Mortgage Corporation, as Trustee for the Benefit of the Freddy Mac Seasoned Credit Risk Transfer Trust Series 2024-2 by virtue of an Assignment of Mortgage dated January 7, 2025, and recorded in the Oxford County Registry of Deeds in **Book 5852**, **Page 669.** (Arguably ineffective under *Greenleaf*).

*See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to NewRez, LLC d/b/a Shellpoint Mortgage Servicing by virtue of an Assignment of Mortgage dated March 24, 2025, and recorded in the Oxford County Registry of Deeds in **Book 5877**, **Page 623.** (Arguably ineffective under *Greenleaf.*) . *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was further assigned to Nationstar Mortgage LLC by virtue of a Quitclaim Assignment dated June 2, 2025, and recorded in the Oxford County Registry of Deeds in **Book 5877**, **Page 620.** *See* Exhibit J (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation, as trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust Series, 2024-2 by virtue of an Assignment of Mortgage dated October 1, 2025, and recorded in the Oxford County Registry of Deeds in **Book 5898**, **Page 944.** *See* Exhibit K (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. On December 16, 2025, the Defendant, Laura A Phipps, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit L (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Laura A Phipps, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit L.

18. The Defendant, Laura A Phipps, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

22. The total debt owed under the Note and Mortgage as of February 3, 2026, is Sixty-Seven Thousand Three Hundred One and 94/100 ($67,301.94) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $53,414.01 |
| Interest | $1,512.18 |
| Escrow Deficiency | $3,808.53 |
| Legal Fees | $2,529.00 |
| Deferred Principal | $6,038.22 |
| Grand Total | $67,301.94 |

23. Upon information and belief, the Defendant, Laura A Phipps, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

24. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 118 Somerset Street, Rumford, County of Oxford, and State of Maine. *See* Exhibit A.

26. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, is the holder of the Note referenced in Paragraph 6 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, has the right to foreclosure and sale upon the subject property.

27. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendant, Laura A Phipps, is presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2025, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of February 3, 2026, is Sixty-Seven Thousand Three Hundred One and 94/100 ($67,301.94) Dollars.

30. The record established through the Oxford County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendant, Laura A Phipps's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

32. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Laura A Phipps, on December 16, 2025, evidenced by the Certificate of Mailing. *See* Exhibit L.

33. The Defendant, Laura A Phipps, is not in the Military as evidenced by the attached Exhibit M.

34. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On January 17, 2013, the Defendant, Laura A Phipps, executed under seal and delivered to Bangor Savings Bank a certain Note in the amount of $64,000.00. *See* Exhibit B.

37. he Defendant, Laura A Phipps, is in default for failure to properly tender the May 1, 2025, payment and all subsequent payments. *See* Exhibit L.

38. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Laura A Phipps.

39. The Defendant, Laura A Phipps, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

40. The Defendant, Laura A Phipps's, breach is knowing, willful, and continuing.

41. The Defendant, Laura A Phipps's, breach has caused Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of February 3, 2026, if no payments are made, is Sixty-Seven Thousand Three Hundred One and 94/100 ($67,301.94) Dollars.

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

44. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

45. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. By executing, under seal, and delivering the Note, the Defendant, Laura A Phipps, entered into a written contract with Bangor Savings Bank who agreed to loan the amount of $64,000.00 to the Defendant. *See* Exhibit B.

47. As part of this contract and transaction, the Defendant, Laura A Phipps, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

48. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, is the proper holder of the

Note and successor-in-interest to Bangor Savings Bank, and has performed its obligations under the Note and Mortgage.

49. The Defendant, Laura A Phipps, breached the terms of the Note and Mortgage by failing to properly tender the May 1, 2025, payment and all subsequent payments. *See* Exhibit L.

50. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Laura A Phipps.

51. The Defendant, Laura A Phipps, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

52. The Defendant, Laura A Phipps, is indebted to Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2 in the sum of Sixty-Seven Thousand Three Hundred One and 94/100 ($67,301.94) Dollars, for money lent by the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, to the Defendant.

53. Defendant, Laura A Phipps's, breach is knowing, willful, and continuing.

54. Defendant, Laura A Phipps's, breach has caused Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

55. The total debt owed under the Note and Mortgage as of February 3, 2026, if no payments are made, is Sixty-Seven Thousand Three Hundred One and 94/100 ($67,301.94) Dollars.

56. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

57. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

58. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. Bangor Savings Bank, predecessor-in-interest to Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, loaned the Defendant, Laura A Phipps, $64,000.00. *See* Exhibit B.

60. The Defendant, Laura A Phipps, has failed to repay the loan obligation.

61. As a result, the Defendant, Laura A Phipps, has been unjustly enriched to the detriment of the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2 as successor-in-interest to Bangor Savings Bank by having received the aforesaid benefits and money and not repaying said benefits and money.

62. As such, the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, is entitled to relief.

63. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, upon the expiration of the period of redemption;

d) Find that the Defendant, Laura A Phipps, is in breach of the Note by failing to make payment due as of May 1, 2025, and all subsequent payments;

e) Find that the Defendant, Laura A Phipps, is in breach of the Mortgage by failing to make payment due as of May 1, 2025, and all subsequent payments;

f) Find that the Defendant, Laura A Phipps, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Laura A Phipps, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due May 1, 2025, and all subsequent payments;

h) Find that the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendant, Laura A Phipps has been unjustly enriched at the Plaintiff's expense;

j)  Find that such unjust enrichment entitles the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, to restitution;

k)  Find that the Defendant, Laura A Phipps, is liable to the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, for money had and received;

l)  Find that the Defendant, Laura A Phipps, has appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendant, Laura A Phipps, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, is entitled to restitution for this benefit from the Defendant, Laura A Phipps;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p)  Additionally, issue a money judgment against the Defendant, Laura A Phipps, and in favor of the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2024-2, in the amount of Sixty-Seven Thousand Three Hundred One and 94/100 ($67,301.94 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

        Respectfully Submitted,
Federal Home Loan Mortgage Corporation,
as Trustee for the benefit of the Freddie Mac
Seasoned Credit Risk Transfer Trust, Series
2024-2,
By its attorneys,

Dated: February 2, 2026

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com